IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JIMMY DEWAYNE RICHARDS, #318453, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:22-cv-01071 ) |
| FENTRESS COUNTY SHERIFF'S OFFICE, et al., | ) JUDGE RICHARDSON ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Jimmy Richards, a state inmate proceeding pro se, has filed a civil rights complaint under 42 U.S.C. § 1983 (Doc. No. 1) and has paid the filing fee. (Doc. No. 6.)

The case is before the Court for initial review under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A.

### I. INITIAL REVIEW OF THE COMPLAINT

A. LEGAL STANDARD

Pursuant to § 1915A, the Court must conduct an initial review of any prisoner complaint against a governmental entity, officer, or employee, and must dismiss the complaint or any portion thereof if it is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. This initial review of whether the Complaint states a claim upon which relief may be granted asks whether it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure

12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the Complaint in the light most favorable to Plaintiff, *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), while giving it a liberal construction in light of his pro se status. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

B. ALLEGATIONS AND CLAIMS

Plaintiff sues the Fentress County Sheriff's Office, Sheriff Michael Regan, and Deputies Lee Jackson, Joel Webb, Taylor Hart, and Anthony Gunter. (Doc. No. 1 at 4.) He alleges that, at around 1:30 a.m. on November 7, 2021, his son, Calvin Kelly Richards, was found in his back yard by his (Calvin's) girlfriend, Taylor Rae Crabtree, with a fatal gunshot wound to the head. (Doc. No. 1-1 at 10.) The Fentress County Sheriff's Office responded to the scene but did not conduct a proper investigation, nor did they call the Tennessee Bureau of Investigation. (*Id.*) They merely interviewed Ms. Crabtree, who reported that she had called a friend, Luke Stowers, the night before at around 10 or 10:30 p.m., "to go check on Calvin . . . [but] Luke got back with her and said he didn't see him." (*Id.*) Ms. Crabtree then "stated she came home at 0126 hours and found Calvin beside the wood pile and called police" after checking for a pulse. (*Id.*) When the

authorities arrived and moved Calvin Richards's body, a handgun was discovered underneath him. (*Id.*)

An incident report attached to the Complaint confirms that the officers' response was "in reference to a male subject [who] had shot himself," and that Calvin Richards was found to have "a black handgun in his right hand curled under his body and a gunshot wound to the right temple area of his head"; the report lists "property involved" in the incident as the Glock 9-millimeter handgun and small amounts of marijuana and a "crystal like substance." (*Id.* at 9.) Plaintiff complains that, rather than investigate, the responding officers "took Taylor Rae Crabtree's word and that was it." (*Id.* at 10.) He claims that "[t]here should have been an i[n]vestig[a]tion checking Calvin[], Taylor[], Luke[], and anyone else that was there that night for gun residue on the[ir] hands." (*Id.*) But that did not happen, nor did the officers tape off the scene or report that evidence was collected. (*Id.* at 11.)

When Calvin's mother went to the funeral home, she was given the few items that were discovered in Calvin's pockets (but not listed on the incident report), and a few months later, Officer Anthony Gunter delivered the Glock 9-millimeter handgun recovered from the scene to Plaintiff's father. (*Id.*) Plaintiff claims that these items should have been preserved as evidence and listed on the incident report. (*Id.* at 11–12.) He alleges that, although Calvin and Taylor had been a couple for ten years and had two children together, "Taylor chose not to attend or go to the funeral home," leading Plaintiff to conclude that "[s]omething went wrong that night and had the Fentress Co. Sheriff's Office done the[ir] job we would have known." (*Id.* at 12.)

Plaintiff appears to claim violations of Tennessee statutes criminalizing "official misconduct," "tampering with or fabricating evidence," and "destruction of and tampering with governmental records." (*Id.* at 12–13 (citing Tenn. Code Ann. §§ 39-16-402, -503, and -504).) He

attaches to the Complaint his requests for records addressed to the Fentress County Sheriff's Office invoking the Tennessee Open Records Act and the federal Freedom of Information Act. (*Id.* at 1–8.) As relief, he asks the Court "to so order the TBI to reopen the Fentress Co. Sheriff's Office investigation over the death of [his] son Calvin Kelly Richards." (Doc. No. 1 at 5.)

C. ANALYSIS

Plaintiff sues under 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). To plead a cognizable Section 1983 claim, Plaintiff must allege (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014).

The first requirement, a deprivation of federal rights, is unmet in this case. Plaintiff does not have any right under the U.S. Constitution or other federal law to have a federal, state, or local prosecution or investigation opened or reopened, nor does this Court have the authority to direct the efforts of the Tennessee Bureau of Investigation. In *West v. Wall*, another case involving a father's pursuit of a federal remedy for a local police department's allegedly improper investigation into his son's apparent suicide, the district court considered similar claims under § 1983 and dismissed them upon the following analysis:

> There is no constitutional right to a criminal prosecution. [*Sattler v. Johnson*, 857 F.2d 224, 227 (4th Cir. 1988)]. Therefore, Plaintiff cannot maintain an action based upon his assertions that Defendant [(a city homicide detective)] did not investigate any other persons who may have been responsible for Plaintiff's son's death. Plaintiff makes the argument that this was not a criminal investigation but an undetermined death investigation. However, the thrust of Plaintiff's complaint is that Defendant was negligent in not pursuing certain evidence that would lead to a homicide prosecution. Plaintiff has no right to any homicide investigation. *Id.* The

> Court also notes that, to the extent Plaintiff is requesting the criminal prosecution of another, Plaintiff lacks standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). In short, Plaintiff claims that Defendant was grossly negligent in handling the investigation of Plaintiff's son's death by not properly following certain leads that would point toward homicide. As Plaintiff has no right to any criminal investigation, Plaintiff's claim on this ground must be dismissed.
>
> Plaintiff's complaint may also be construed as alleging a claim under the Freedom of Information Act, 5 U.S.C. § 552 (2000) ("FOIA"). . . . The FOIA applies to [federal] government agencies, 5 U.S.C. § 552(a), and . . . therefore[] does not apply to municipal police departments. *See Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999); *Kerr v. United States Dist. Court*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *Rankel v. Town of Greenburgh*, 117 F.R.D. 50, 54 (S.D.N.Y. 1987). Plaintiff's complaint indicates that Plaintiff has made a request under the Virginia Freedom of Information Act, Va. Code Ann. §§ 2.2-3700 *et seq.* (2005). The Virginia Freedom of Information Act does not provide an independent basis for this Court's jurisdiction, and Plaintiff's remedy under this state statute is in Virginia state court.

*West v. Wall*, No. 2:06 CV 640, 2007 WL 853826, at *2 (E.D. Va. Mar. 16, 2007), *aff'd*, 241 F. App'x 985 (4th Cir. 2007).

The *West* court's analysis is fully applicable in the case before this Court, where Plaintiff, in seeking to reopen the investigation into his son's tragic death, requests relief that he is not entitled to under any provision of the Constitution or other federal law, and that he lacks "a judicially cognizable interest" in pursuing. *See also Mitchell v. McNeil*, 487 F.3d 374, 378–79 (6th Cir. 2007) (affirming dismissal of § 1983 case for failure to adequately investigate because "[t]here is no statutory or common law right, much less a constitutional right, to an investigation") (citing *Linda R.S.*, 410 U.S. at 619 ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another")). Moreover, as in *West*, Plaintiff's attachment of FOIA and state records requests does not provide any basis for allowing his claims to proceed. 2007 WL 853826, at *2.

In sum, although one can easily understand Plaintiff's apparent desire for an explanation

for his son's death that is different from (the official) one he finds unsatisfactory, the Complaint fails to state a claim upon which relief can be granted and must therefore be dismissed.

## II. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief can be granted. The dismissal is without prejudice to Plaintiff's ability to pursue relief in state court.

In light of this outcome, Plaintiff's pending motion to have the U.S. Marshal serve any summons in this case (Doc. No. 4) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE